# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN F. PAUL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 12-2732-CM |
| WALKER GROUP HOLDINGS, LLC and GARSITE/PROGRESS LLC, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff Steven F. Paul filed this case in the District Court of Wyandotte County, Kansas, naming Walker Group Holdings, LLC ("the Walker Group") and Garsite/Progress LLC ("Garsite"). Defendants removed the case to federal court, claiming that plaintiff joined one defendant—defendant Garsite—solely for the purpose of defeating federal jurisdiction. According to defendants, plaintiff has no valid claim against Garsite and the court should find that Garsite has been fraudulently joined in the case and assert diversity jurisdiction over the case.

The case is before the court on two motions: defendants' Motion to Dismiss or in the Alternative Motion to Sever (Doc. 4) and Plaintiff's Motion to Remand (Doc. 19). The court takes up plaintiff's motion to remand first. For the following reasons, the court grants the motion and remands the case to the District Court of Wyandotte County, Kansas.

**I.  Factual Background**

To varying degrees, this case involves several related entities: the Walker Group; Garsite; Insight Equity Holdings, LLC ("Insight"); and Wabash National Corporation ("Wabash"). Victor L.

-1-

Vescovo was the Chief Operating Officer and Managing Partner of Insight at all relevant times. He was also the Walker Group's Managing Director. Plaintiff served as Garsite's President and Chief Executive Officer. He performed services for both Garsite and the Walker Group. The Walker Group was the sole member of Garsite, and Garsite was a wholly-owned subsidiary of the Walker Group. In 2012, Wabash acquired the Walker Group.

Plaintiff's petition alleges that Mr. Vescovo offered him a long-term incentive agreement ("Agreement") on behalf of and for the benefit of both Garsite and the Walker Group. The Agreement provided for plaintiff to become an owner or partner in the Walker Group, entitled to receive potential distributions in the event of an initial public offering or sale transaction.

Plaintiff claims that he worked for Garsite and the Walker Group, although his employment agreement was with Garsite. He performed services at Garsite that "were pursuant to and in furtherance of both his Employment Agreement and the Long-term Incentive Agreement with the Walker Group to remain in place at Garsite and focus on the long term performance of both Garsite and the Walker Group and grow the Walker Group's equity value." (Doc. 1 at 14.)

According to plaintiff, the sale of the Walker Group to Wabash entitled him to over $2.8 million. Defendants have not paid plaintiff. Plaintiff contends that, in failing to pay, defendants have breached the Agreement. He also claims that defendants have been unjustly enriched, that they should compensate him based on the doctrines of promissory and/or equitable estoppel, and that they violated the Kansas Wage Payment Act when they terminated his employment.

## II. Legal Standard

A defendant may remove a case filed in state court if the plaintiff could have filed suit in federal court originally. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* at § 1447(c). The

removing party bears the burden of showing that jurisdiction is proper in federal court. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citation omitted); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (citation omitted). "Because the courts of the United States are courts of limited jurisdiction, there is a presumption against federal jurisdiction." *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). The court is mindful that "[d]oubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (further citations omitted)).

The "fraudulent joinder" doctrine effectively permits a district court in a removed action to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction. *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1287, 1294 (D. Kan. 2009). Where removal is based on an allegation of fraudulent joinder, the defendant must demonstrate that there is no possibility that [the plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Id.* at 1295 (quoting *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (citations omitted)). This standard is more demanding than that of a 12(b)(6) motion. *Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach,* LLP, No. 02-2435, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003). The court construes all disputed questions in favor of the non-removing party. *Id*. In doing so, the court "consider[s] the entire record, and determine[s] the basis of joinder by any means available." *Prince*, 673 F. Supp. 2d at 1295 (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). The court may consider affidavits or other matters of record.

### III. Discussion

As mentioned above, plaintiff brings four claims against defendants: (1) breach of contract; (2) equitable estoppel/unjust enrichment; (3) promissory estoppel; and (4) violation of the Kansas Wage Payment Act. Defendants contend that three of these claims (excluding the Kansas Wage Payment Act claim) have nothing to do with Garsite. According to defendants, Garsite—as a wholly-owned subsidiary of the Walker Group—cannot be held liable for any agreement between the Walker Group and plaintiff. Defendants believe that plaintiff's allegations against Garsite are conclusory and contradictory, and contend that all alleged conversations were between plaintiff and representatives of Insight or the Walker Group—not between plaintiff and a representative of Garsite.

The court need only address the sufficiency of the quasi-contractual allegations against Garsite here. These allegations, while somewhat general and sparse, are adequate to meet the low threshold necessary to honor plaintiff's choice of forum: state court. Plaintiff's allegations are that:

- Defendants (representing Insight, the Walker Group, and Garsite) made statements to plaintiff indicating that he would benefit from the Agreement.

- Plaintiff confirmed his status with Brandon Bethea (a Principal of Insight and the person to whom plaintiff's Garsite employment notices were sent) and Doug Chapple, President and CEO of the Walker Group.

- Defendants expected that these assurances would induce plaintiff to remain at Garsite and contribute to the long-term performance of Garsite and the Walker Group.

- Plaintiff relied on the assurances and remained at Garsite when he could have taken other opportunities, making less compensation than he would have otherwise required.

- Defendants benefitted from plaintiff's efforts.

-4-

To evaluate whether plaintiff's claims can proceed in federal court, the court measures up the allegations against the elements for each of the quasi-contractual claims:

### Unjust Enrichment

(1) Plaintiff conferred a benefit on Garsite; (2) Garsite knew and received that benefit; and (3) Garsite accepted the benefit and it would be unjust not to pay plaintiff for its value. *J.W. Thompson Co. v. Welles Prods. Corp.*, 758 P.2d 738, 745 (Kan. 1988).

### Equitable Estoppel

(1) Garsite's representations, acts, admissions, or silence (coupled with a duty to speak) induced plaintiff to believe he could expect payment; (2) plaintiff rightfully relied and acted on the belief; and (3) plaintiff would suffer prejudice if Garsite does not pay. *Gillespie v. Seymour*, 823 P.2d 782, 788–89 (Kan. 1991).

### Promissory Estoppel

(1) Garsite made a promise; (2) Garsite reasonably expected that plaintiff would rely on that promise; (3) plaintiff reasonably relied on the promise; and (4) failure to enforce the promise would result in fraud or injustice. *Patrons Mut. Ins. Ass'n v. Union Gas Sys., Inc.*, 830 P.2d 35, 39 (Kan. 1992).

At this stage of the proceedings—when deciding this particular motion—the court must resolve all disputed questions in favor of plaintiff. The key disputed question here is whether officers of Insight and/or the Walker Group acted on behalf of Garsite when they made representations to plaintiff and accepted benefits bestowed by plaintiff. Defendants contend they were separate and distinct entities and that the representatives of Insight and the Walker Group were not also representatives of Garsite. Plaintiff asserts that the representatives were acting as agents for more than one entity. Resolving this question in favor of plaintiff, the court cannot find that there is "no possibility that [plaintiff] would be able to establish a cause of action against [Garsite] in state court." *Prince*, 673 F.

Supp. 2d at 1295 (quoting *Montano*, 2000 WL 525592, *1 (citations omitted)). There is not sufficient evidence to conclude that plaintiff fraudulently joined Garsite as a defendant in bad faith.

The court bears in mind that the burden is not on plaintiff to establish a possibility of recovery. It is on defendants to establish that no such possibility exists. And defendants must carry this heavy burden with the added resistance of two presumptions: (1) doubts are resolved in favor of remand; and (2) disputes of fact or law are resolved in favor of plaintiff. Defendants may be unable to meet their burden here. But they may well be able to establish that Garsite is subject to dismissal in state court. The Wyandotte County District Court, however, is the court that should make this decision. That is where plaintiff chose to bring his case and this court lacks diversity jurisdiction while Garsite remains in the case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 19) is granted. The case is hereby remanded to the District Court of Wyandotte County, Kansas.

**IT IS FURTHER ORDERED** that the court issues no ruling on defendants' Motion to Dismiss or in the Alternative Motion to Sever (Doc. 4).

Dated this 8th day of April, 2013, at Kansas City, Kansas.

                                      s/ Carlos Murguia
                                      **CARLOS MURGUIA**
                                      **United States District Judge**